IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID WAYNE MCCOLLOUGH,        )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. 14-CV-0676-GKF-TLW
                               )
CHAD A. MURTAUGH, Officer      )
                               )
            Defendant.         )

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff David McCollough, a state prisoner appearing pro se and in forma pauperis. Before the Court is Defendant Chad Murtaugh's motion for summary judgment (Dkt. # 41). Defendant also filed a Special Report (Dkt. # 28), as the Court directed. Plaintiff filed a response to the motion for summary judgment (Dkt. # 48), and Defendant filed a reply to the response (Dkt. # 49). For the reasons discussed below, the Court finds the motion for summary judgment shall be granted.

*BACKGROUND*

In his complaint (Dkt. # 1), Plaintiff contends Defendant violated his constitutional rights when Defendant subjected him to an excessive use of force while placing him under arrest. Specifically, Plaintiff complains Defendant "released his K-9 partner on [Plaintiff]" after Plaintiff was already lying face down on the ground and had been placed in restraints. Id. at 2. Plaintiff identifies three (3) causes of action, as follows:

Count 1:    [E]xcessive use of force/police brutality, civil right violated.

Count 2:    [A]fter being in custody, Officer Murtaugh, allowed his partner to attack me, after being in restraints.

> Count 3:   Allowing excessive force, and maimeing [sic] to occure [sic], and not reading me my miranda rights.

Id. at 3-4. In his request for relief, Plaintiff asks for "compensation for permanent damage/ongoing health/mental anxiety/and the Justice Dept to . . . [illegible] Officer Murtaugh and his partner Rex [sic] – K9." Id. at 8.

The record reflects that, on April 25, 2014, Tulsa Police Department Officer Mitch Helberg responded to a report of a burglary and the theft of a pickup truck. Dkt. # 41-1 at 2. Based on information from the victim, officers identified Plaintiff as a suspect. Id. After finding the stolen truck abandoned, Officer Chad Murtaugh and his K9 partner, Riggs, began tracking Plaintiff. Id.

In his complaint, Plaintiff alleges that,

> [Plaintiff] was seated with 3 other homeless individuals . . . . [when] Officer Murtaugh and other officers walked pass [sic] me . . . . I was told to stand up, whic [sic] I complied, . . . I was told to get on my knees lay face down, I complied, at which time I was placed in restraints. After Officer Murtaugh released his K-9 partner on [me].

Dkt. # 1 at 2. In his response to the motion for summary judgment, Plaintiff states that after he "laid on the ground and was placed in restraints 'cuffs,'" he was attacked by the dog, on command. Dkt. # 48 at 3. Plaintiff further states that "[t]he pain from the dog biting was so bad that the Plaintiff attempeted [sic] to grab his leg out of impulse and was bit on the hand," id., but Plaintiff does not claim he made any other gestures towards either Officer Murtaugh or Riggs which could have been construed as aggressive.

In his motion for summary judgment (Dkt. # 41), Defendant's version of the events on April 25, 2014, differs significantly from Plaintiff's version. According to Defendant, after deploying Riggs,

2

> Officer Murtaugh observed a thick line of trees on the south side of the house and as he approached the tree line, Officer Murtaugh glimpsed a subject wearing a white shirt attempting to hide in the wooded area. . . . K9 Riggs continued to track around the tree line and as he approached, McCollough swung his right hand, in which he was holding a beer, at K9 Riggs. . . . As a result of McCollough's assault on K9 Riggs, with his right hand and beer can, Riggs initially bit the suspect's right hand. When McCollough stood up, Riggs apprehended McCollough by biting him on the right thigh. Thereafter, McCollough was taken into custody without further incident.

Dkt. # 41 at 6 (citations omitted).

On April 6, 2015, in Tulsa County District Court, Case No. CF-2014-2029, Plaintiff pled guilty to fifteen (15) counts, including Mistreating a Police Dog (Count 4). See Dkt. # 41-9 at 2. As part of his guilty plea, Plaintiff stated "I mistreated a police dog by wrongfully swinging at Police Dog Riggs w/ intent to cause the dog harm." Id. at 4.

### ANALYSIS

**A.     Preliminary Consideration**

To the extent Plaintiff raises a separate § 1983 claim based on Defendant's alleged failure to read him his Miranda[1] rights, the Court finds Plaintiff fails to state a claim upon which relief may be granted. Chavez v. Martinez, 538 U.S. 760, 772 (2003) (stating that "[defendant's] failure to read Miranda warnings to [plaintiff] did not violate [plaintiff's] constitutional rights and cannot be grounds for a § 1983 action"); Marner v. M.M., 624 F. App'x 665, 666 (10th Cir. 2015) (unpublished).[2]   This claim shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**B.     Summary Judgment Standard**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (citation omitted). '[S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

**C.     Defendant is Entitled to Summary Judgment**

In his motion for summary judgment, Defendant argues that, under the totality of the circumstances, his use of force in deploying K9 Riggs was objectively reasonable. See Dkt. # 41 at 10. However, the Court need not determine the objective reasonableness of the force used because, as argued by Defendant in his reply to Plaintiff's response (Dkt. # 49 at 6-8), Plaintiff's claims of excessive use of force are barred under Heck v. Humphrey, 512 U.S. 477 (1994), and the complaint must be dismissed.

4

In Heck, the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The Court must dismiss a § 1983 suit if its success "would implicitly question the validity of [the plaintiff's] conviction." Muhammad v. Close, 540 U.S. 749, 751 (2004) (citation omitted). While "[a]n excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer[,] . . . [t]o determine the effect of Heck on an excessive-force claim, the court must compare the plaintiff's allegations to the offense he committed." Havens v. Johnson, 783 F.3d 776, 782 (10th Cir. 2015). If a plaintiff's "theory of the claim is inconsistent with the prior conviction," the claim is "barred in its entirety." Id. at 783.

The summary judgement record reflects that, on April 6, 2015, Plaintiff pled guilty to Mistreating a Police Dog, in violation of Okla. Stat. tit. 21, § 649.1, a felony. Dkt. # 41-9 at 2. Under Oklahoma law, "[n]o person shall willfully strike, torment, administer a nonpoisonous desensitizing substance to, or otherwise mistreat a police dog or police horse owned, or the service of which is employed, by a law enforcement agency of the state or a political subdivision of the state" and "[n]o person shall willfully interfere with the lawful performance of any police dog or

5

police horse." Okla. Stat. tit. 21, § 649.1(A), (B). As part of his guilty plea, Plaintiff stated he committed the offense of Mistreating a Police Dog by "wrongfully swinging at Police Dog Riggs w/ intent to cause the dog harm." Dkt. # 41-9 at 4. The state trial court accepted Plaintiff's guilty plea. Id. at 5. Plaintiff does not controvert that evidence, nor does he demonstrate that his conviction for Mistreating a Police Dog has been overturned or set aside. See Heck, 512 U.S. at 487.

Plaintiff's § 1983 claim is based on factual allegations incompatible with his guilty plea and conviction. Specifically, Plaintiff's § 1983 claims are based on his allegations that, after Plaintiff was handcuffed behind his back, Defendant ordered Riggs to attack and bite Plaintiff with no provocation at all. Those allegations fly in the face of Plaintiff's guilty plea, where Plaintiff acknowledged that he attempted to strike Riggs. In his response to Defendant's motion for summary judgment, Plaintiff alleges he grabbed for his leg after Riggs bit him, but he does not state he did anything which could have supported his conviction for Mistreating a Police Dog. See Dkt. # 48 at 8 ("[P]laintiff knew he had been had and surrendered and placed in restraints[,] the officer did not have to make any split second decisions."). Furthermore, Plaintiff does not allege in either his complaint or his response to Defendant's motion for summary judgment that Defendant used excessive force in response to Plaintiff's assault on K9 Riggs. Plaintiff "does not present an alternative scenario consistent with" his conviction for Mistreating a Police Dog, and his theory of relief in his § 1983 complaint is based, in effect, on his innocence of the crime to which he pled guilty. Havens, 783 F.3d at 783-84.

In summary, a judgment in favor of Plaintiff in this civil rights action would necessarily imply the invalidity of Plaintiff's conviction for Mistreating a Police Dog. That conviction has not

been overturned or set aside. Therefore, Plaintiff's claims are barred under <u>Heck</u>, and Defendant's motion for summary judgment is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's claim based on Defendant's failure to read him his <u>Miranda</u> rights fails to state a claim upon which relief may be granted and is **dismissed**.

2. Defendant's motion for summary judgment (Dkt. # 41) is **granted**.

3. The complaint (Dkt. # 1) is **dismissed without prejudice**.

4. This is a final order terminating this action.

5. A separate judgment in favor of Defendant shall be entered in this matter.

**DATED** this 17th day of June, 2016.

*/s/ Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT